# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30592
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
March 17, 2017

Lyle W. Cayce
Clerk

MOHAMMED AHMED HASSAN ABDALLAH OMRAN,

Plaintiff-Appellant

v.

NICOLE ROY; UNKNOWN DEFENDANT; UNITED STATES OF AMERICA; STEPHANIE FINLEY, in her personal and official capacity; SCOTT SUTTERFIELD, in his personal and official capacity,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-42

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Mohammed Ahmed Hassan Abdallah Omran, immigration detainee # A079680001, former federal prisoner # 12752-049, and former Louisiana prisoner # 121227, filed a civil action raising claims under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Omran later filed motions for a temporary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30592

restraining order (TRO) and a preliminary injunction.  Omran asked the district court to order the United States to stop trying to deport him until the conclusion of his civil lawsuit.  He also complained that he had been denied access to the law library at the correctional facility where he was housed and asked the court to order the United States and other named defendants to provide him with legal assistance and "adequate, effective, and meaningful" access to the court.  The district court denied the motions for a TRO and for injunctive relief.

Omran appealed the denial of his motions.  He also filed an application to proceed in forma pauperis (IFP) on appeal.  The magistrate judge denied IFP status, determining that Omran had three strikes under 28 U.S.C. § 1915(g).

Omran now moves this court for leave to proceed IFP on appeal.  A prisoner may not proceed IFP in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. § 1915(g).  Omran does not dispute the district court's finding that he had three strikes under § 1915(g).  He also fails to make a claim of imminent danger in his brief; instead he merely rehashes the facts that gave rise to his civil complaint.  Although this court liberally construes the briefs of pro se litigants, arguments must be briefed to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Because Omran has not made the showing required to overcome the § 1915(g) bar, his request to proceed IFP on appeal is DENIED and his appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d

No. 16-30592

197, 202 n.24 (5th Cir. 1997).  The dismissal of this appeal as frivolous counts as yet another strike under § 1915(g).  *Adepegba v. Hammons,* 103 F.3d 383, 385-87 (5th Cir. 1996).

Because Omran has accumulated at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).  Omran is also warned that sanctions may be imposed in response to future frivolous filings.

APPEAL  DISMISSED  AS  FRIVOLOUS;  28  U.S.C.  §  1915(g)  BAR IMPOSED; SANCTION WARNING ISSUED.